Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

Nos. 13-1507, 13-1510

KATHLEEN SHANLEY, ET AL.,

Plaintiffs, Appellees,

v.

DANIEL CADLE, ET AL.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole,  U.S. District Judge]

Before

Lynch, Chief Judge,
Souter,* Associate Justice,
and Lipez, Circuit Judge.

Mark H. Bluver, with whom David H. Rich was on brief, for appellants.
Orestes G. Brown, with whom Keith L. Sachs was on brief, for appellees.

July 28, 2014

_____
     * Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**Per curiam**.  This case comes to us after more than two decades of litigation, which, for some of the individual plaintiffs, had seemingly come to an end with a 2008 settlement agreement.  That year, the defendants (a debt collection agency and its owners) proposed a comprehensive mediation and settlement for three lawsuits brought by individual plaintiffs (debtors) in federal court (<u>Shanley</u> v. <u>Cadle</u>, No. 07-12247 (D. Mass.), <u>Martel</u> v. <u>Cadle</u>, No. 08-10388 (D. Mass.)) and Massachusetts state court (<u>Chase</u> v. <u>The Cadle Co.</u>, No. 2004-00375 (Mass. Sup. Ct.)).[1]

Following mediation, the plaintiffs' counsel accepted defendants' offer of settlement via email.  The settlement agreement required that the fourteen claimants in the <u>Shanley</u>, <u>Martel</u>, and <u>Chase</u> cases "release any individual claims they ha[d]" or may have had against the defendants as of the date of settlement and "dismiss with prejudice any such claims in any matter presently pending waiving any rights of appeal."[2]  It also required that the defendants pay $200,000 to a trust established for the plaintiffs and assign to the plaintiffs their interests in the plaintiffs'

---

[1] The magistrate judge's reports and recommendations on the plaintiffs' motion for class certification (docket no. 162) and the defendants' motion to dismiss (docket no. 182) in the <u>Shanley</u> case provide a more complete history of the lengthy and tangled dispute implicated by the cases now before us.  We omit that complicated history because this decision is written primarily for the parties, who are all too familiar with it.

[2] With respect to the federal actions, the settlement agreement dealt only with the individual claims, leaving the potential class action claims untouched.

debts.

A dispute arose almost immediately over the validity of the settlement agreement and the time for each party's performance. After some continued litigation on these issues, Massachusetts courts and the federal district court found that a binding settlement had been reached with respect to the named plaintiffs' individual claims. The plaintiffs ultimately executed releases in favor of the defendants. The Massachusetts state court action was dismissed. The defendants nonetheless refused to put $200,000 in the trust, and still have not done so.

The plaintiffs subsequently brought a new action for breach of contract and violation of Massachusetts Chapter 93A[3] in federal court, claiming that the defendants did not honor the settlement agreement. Meanwhile, in the original federal actions -- Shanley and Martel -- the plaintiffs moved for "fairness hearings," so that the settlements of the individual claims could be effectuated.[4] In response to those motions, the defendants asked the district court to dismiss the individual claims, but to

_____

[3] Specifically, plaintiffs invoked Massachusetts General Laws chapter 93A, section 2, which provides a cause of action for "unfair or deceptive acts or practices in the conduct of any trade or commerce."

[4] Any settlement dismissing the individual claims in the federal actions had to be approved as fair and appropriate and not harmful to the potential class. While the motions for fairness hearings were still pending, the district court denied class certification. As the Magistrate Judge noted, that decision obviated the need to conduct fairness hearings.

find that the plaintiffs' continued litigation in the federal actions constituted a material breach of the settlement agreement, excusing the defendants' own performance.[5]

Specifically, the defendants pointed to four species of actions and statements by the plaintiffs that allegedly constituted material breach of the agreement. The magistrate judge carefully considered and rejected them all. He then recommended that the district court (1) deny as moot the motions for fairness hearings, (2) enter sixty-day settlement orders as to the individual claims, (3) order the individual plaintiffs to release their claims and the defendants to put $200,000 in trust, and (4) deny the defendants' motions to dismiss in Shanley and Martel.[6] The district court agreed with the magistrate judge's analysis of the issues but determined that the best way to effectuate the settlement was to enter final judgment ordering both parties to perform their obligations under the settlement agreement.[7]

---

[5] In response, the plaintiffs expressed a willingness to abide by their obligations under the agreement, going so far as to file with the district court a copy of the Stipulation of Dismissal that they were prepared to execute (docket no. 179, ex. 1).

[6] The magistrate judge also recommended granting the defendants motion to dismiss in the separate Chapter 93A action based on the defendants' alleged breach of the settlement agreement. The district court adopted that recommendation. That decision is not before us on appeal.

[7] Specifically, the judgment directed that "[w]ithin thirty days the plaintiffs shall furnish appropriate stipulations of dismissal and releases for delivery to the defendants, and the defendants shall deposit the sum of $200,000 with the trustee."

On appeal, the defendants urge us to free them from their obligations under the settlement agreement by invoking essentially the same arguments that they presented to the magistrate judge and the district court. Having reviewed the record with care, we agree with the magistrate judge's determination. Although his thoughtful decision speaks well for itself, we briefly recount why we agree that none of the following events excuse the defendants' performance.

## 1. Appeal in Massachusetts State Court

The defendants claim that the plaintiffs' appeal in the <u>Chase</u> action was a material breach of the settlement agreement's requirement that they release all claims. In that case, the plaintiffs appealed the Massachusetts Superior Court's decision to dismiss the <u>Chase</u> action before the defendants had funded the settlement. They also appealed the court's denial of their motion for leave to amend their complaint and their motion to join intervening parties.

As the magistrate judge aptly noted, appealing on these three issues was not a material breach of the settlement agreement. The settlement agreement was silent as to the time for performance, and the plaintiffs had a right to present that issue to the court. As to the joinder issue, the intervening parties had their own right to appeal that was not affected by the settlement agreement. Lastly, as to the amendment issue, the plaintiffs sought to add a

Chapter 93A claim based on the claim that the defendants were in breach of the settlement agreement.  A settling party has the right to litigate an alleged breach of the agreement.  As the magistrate judge put it, the plaintiffs' appeal on the terms of the agreement was "no more a breach than [was] the Defendants' appeal of Judge Gants' ruling that the Parties had reached an agreement."[8] Accordingly, we agree with the district court that the plaintiffs' appeal in the <u>Chase</u> action did not constitute a material breach of the settlement agreement.

## 2.  Litigation of the Class Action

The defendants point to the plaintiffs' continued efforts to pursue class certification and join putative class members in the federal court actions as alleged material breaches.  However, both parties on appeal acknowledge that the settlement agreement pertained to <u>individual</u> claims, not class action claims. Therefore, taking the necessary means to pursue the class action -- seeking certification and attempting to join new parties to act as class representatives -- cannot constitute material breaches of the agreement.[9]  The settlement agreement did not affect those claims.

---

[8]  The defendants had appealed the decision of the Massachusetts Superior Court that there was in fact a valid settlement agreement.  The magistrate judge rightly pointed out that said appeal did not in and of itself constitute a breach of the agreement.  A contrary rule would allow parties to invalidate an agreement simply by disputing its validity.

[9] To the extent that the defendants argue that attempting to add new parties violated <u>the spirit</u> of the agreement because it

Furthermore, because the settlement of all the plaintiffs' individual claims would potentially result in a dismissal of the entire federal case (including the potential class action claims), the district court could not approve the settlement without first determining whether it was fair to other potential claimants. As the magistrate judge explained, to approve the settlement the court had to conclude

> that either the proposed class failed to satisfy the requirements of Rule 23, or . . . that the individual plaintiffs were not 'selling out the class as a result of settling' only their individual claims. The Plaintiffs' pursuit of class certification did not materially breach the settlement agreement. One way or another, the Court had to have a hearing and reach a determination related to the class.

The class certification motion filed by the plaintiffs accomplished this end. When the court determined that it could not certify a class, it effectively decided the fairness issue by foreclosing the possibility of class-based relief. Whether that relief was potentially available would have been at the heart of any fairness determination, and thus a necessary question to resolve before finalizing the settlement and dismissing the case. Accordingly, we

would enlarge the litigation, they may have a legitimate complaint. However, the fact of the matter is that no new parties were ultimately permitted to intervene and the litigation was not enlarged. Under such circumstances, the <u>attempted</u> intervention of potential plaintiffs cannot fairly be classified as a material breach of the settlement agreement, which was silent on the matter.

agree with the district court that the plaintiffs did not materially breach the settlement agreement by pursuing class certification and attempting to join new class members.

## 3.  Litigation of the Chapter 93A Claims

The defendants argue that the filing of the breach of contract and Chapter 93A action was a material breach of the settlement agreement, and, even if it was not, the filing of a new action foreclosed the plaintiffs from seeking enforcement of the settlement by motion in the Shanley and Martel actions due to the election of remedies doctrine.  As to the former point, as already noted, it would be nonsensical to find that the terms of a settlement agreement prevent either party from litigating its enforcement.  Cf. United States v. Baus, 834 F.2d 1114, 1127 (1st Cir. 1987) ("In order to ensure that settlement agreements are an effective form of dispute resolution, district courts who enter judgment pursuant to such an agreement necessarily have the power to mandate compliance with it."); Warner v. Rossignol, 513 F.2d 678, 683 (1st Cir. 1975) ("[A] settlement agreement, however labeled, will not bar recourse to the original cause of action in the event that defendant repudiates or commits a breach of the terms of the agreement.").  As to the latter, as the magistrate judge correctly observed, "the election of remedies doctrine . . . is designed to prevent a double recovery for the same wrong, not to prevent the pursuit of inconsistent alternative theories of

recovery prior to entry of judgment." Accordingly, the plaintiffs did not materially breach the settlement agreement by filing the breach of contract and Chapter 93A action.

## 4. Statements Made to the Judge

Finally, the defendants point to the plaintiffs' attorney's statements in a status conference conducted on October 29, 2010, that the plaintiffs no longer wanted to enforce the settlement agreement on its terms. Specifically, the relevant part of the exchange, for the defendants' purposes, proceeded as follows:

> THE COURT: I'm only asking . . . --yes or no, either on the terms of the agreement you would do it today or you wouldn't. You might maybe --
>
> MR. BROWN [plaintiffs' counsel]: On the terms of the agreement, no.
>
> THE COURT: Okay.
>
> MR. BROWN: We're seeking additional damages at this point.

The defendants argue that these statements amounted to repudiation of the agreement.

Under different circumstances that might well be true, but here it is undisputed that the statements were made as part of negotiations in which responses to the court's inquiries were non-binding. Indeed, immediately prior to the quoted exchange, the court made clear to the attorneys that their statements had no legal effect. The court stated explicitly,

-9-

> . . . I'm about to ask a question and that, but the answer to that question is not conduct that's attributable to either the plaintiffs or the defendants, right. Therefore neither defendants can assert that the plaintiffs' answer is a basis for breach of the agreement nor can the plaintiffs assert that the defendants' answer is evidence of breach of the agreement. So are we understood?

All attorneys present acknowledged that they understood. Accordingly, we cannot now attach legal significance to the plaintiffs' attorney's response to find that the plaintiffs repudiated the settlement agreement.

## Final Consideration

In addition to these considerations, there exists one overarching rationale for the district court's decision. As the magistrate judge acknowledged, as a remedy for the plaintiffs' alleged material breach, the defendants seek one-sided enforcement of the settlement agreement -- they want the plaintiffs to dismiss all of their individual claims, and, relying on the above actions of the plaintiffs, they want to pay nothing in return for those releases. As the magistrate judge explained, and we have just reaffirmed, none of the plaintiffs' actions have risen to the level of material breach or repudiation. Furthermore, even if they had materially breached the agreement, it is far from clear that the proper remedy would be one-sided enforcement of the agreement.

Having found the defendants' arguments wanting for the reasons articulated here and carefully laid out by the magistrate

judge, we <u>affirm</u> the entry of judgment and the order for both parties to perform their obligations decreed therein.  We also <u>deny</u> the appellants' request for sanctions.


**<u>So ordered.</u>**